On Motion to Dismiss.
BLANCHARD, J.
The ground of the motion to dismiss is that the matter in dispute does not exceed two thousand dollars in value, exclusive of interest.
The object of the Suit is to compel the Board of Pharmacy to register relator as a pharmacist and to issue to him a certificate of such registration in accordance with the terms and provisions of Act 66 of 1888, p. 74.
In the answer of the defendant it is represented that the Board of Pharmacy has a public duty to perform, which is to see to it that only competent pharmacists are registered and that the best test of competency is an examination.
It is further represented that, besides its public duty in the premises, the Board has a pecuniary interest in insisting upon examination, by reason of the fact that the fee for examination is five dollars. And, in this connection, it is set up that if the class of applicants to which relator belongs is held exempt from examination, and, thus, from the payment of the fee of five dollars for each applicant, the loss to the Board will exceed the sum of two thousand dollars. The evidence adduced sustains this contention.
While the relator does not, in his petition, make any averment as to the value of the right of registry to him, it abundantly appears from the evidence that the same is worth more than two thousand dollars.
By occupation he is a drug clerk or pharmacist. That is his vocation and he has continuously pursued it since 1884 in the Oity of New Orleans — about 18 years.
The law makes it unlawful for any other than a registered pharmacist to compound medicines, drugs, or chemicals, or to conduct an apothecary shop or drug store.
So that, unless the relator is admitted to registry as a pharmacist by the Board, his career as such is ended and his ability, in consequence, to earn a livelihood lessened.
If he has pursued his vocation as pharmacist for eighteen years and gained a livelihood by that means, and intends to continue to pursue it for the years to come, which we must assume since he applies for registration, the conclusion is unavoidable that the right of registry is worth more than two thousand *102 ■dollars to Mm, and tMs Court has jurisdiction.
(March 30, 1903.)
The motion to dismiss is denied.
Statement of the Case.
MONROE, J.
The relator applied to be registered as a pharmacist upon the basis ■of “four years’ practical experience” prior to the passage of Acts 1888, p. 74, No. 66, in the manipulation and compounding of physicians’ prescriptions, under Oscar Robin, a registered pharmacist. He was given to understand that his application was not in due form, and, having amended it, he received, August 4, 1901, a letter, signed by the secretary of the respondent board, saying:
“Your application for registration, by virtue of having had experience prior to August, 1888, was presented to the committee on examination, at their meeting August 2nd, and the same was referred to the board for action. The board had previously ruled that experience prior to the act would not be taken as sufficient to register a man without examination.”
This was followed, December 2d, by another letter from the same source, saying:
“At a meeting of the Board of Pharmacy, held Nov. 30th, 1901, your application, showing experience in the manipulation and compounding of physicians’ prescriptions from 1882 to 1888, was presented to the board, and you were refused a certificate.”
In May, 1902, he made the present application for a mandamus, to which the board, after excepting to the sufficiency of the application previously made to it, answers that in 1895 it adopted the following resolution, to wit:
“Resolved, that, from and after the November meeting, no person who has failed to avail himself of the exemption clause of the Act 66 of 1888 will be' registered as a qualified assistant or registered pharmacist upon experience dating beyond the date of the passage of Act 66 of 1888, and that the .secretary send out a notice to this effect.”
Further answering, the respondent alleges that the adoption of this resolution was a matter within its implied powers, and was a proper exercise thereof, and that it operates as an effectual bar to the relator’s application. It further alleges that, as the fee therefor is $5, it has a pecuniary interest in requiring each applicant for registration to pass an examination, which interest exceeds in value the sum of $2,000.
Relator’s application to the board was made in accordance with the form prescribed by the board, and was supported by his own affidavit and by that of Oscar Robin, a registered pharmacist, who had been a member and president of the board. Upon the trial on the merits it was shown by uncontradicted evidence that his “practical experience in the manipulation and compounding of physicians’ prescriptions under the supervision of a registered pharmacist” began in 1882, and has continued up to the present time. Upon the case as thus presented, there was judgment making the mandamus peremptory. The board has appealed, and the relator’s .motion to dismiss the appeal has been overruled.