O’NIELL, Chief Justice.
 

 This is a petitory action. The property sued for is a tract of land having an area of 34.68 acres fronting on the east bank of the Mississippi River, in the parish of Plaquemines, about 65 miles -below New Orleans.
 

 Judgment was rendered in favor of the plaintiffs on the face of the pleadings, under authority of the Pleading and Practice Act, being Act No. 157 of 1912, as amended by Act No. 300 of 1914, and by Act No. 228 of 1924, and by Act No. 27 of 1926. The defendant is appealing from the judgment.
 

 The plaintiffs in their original petition traced their title to a sale made by W. F. Brower to Henry L. Baker on April 4, 1898.
 

 The attorneys for the defendant filed what they called an exception of no cause of action, and a plea of prescription- of 10 years. The so-called exception was amplified by extensive allegations of fact, to the effect that the land was within the area of a large spillway, caused by the taking down
 
 *288
 
 of eleven miles of levee in the year 1925, under authority of Act No. 99 of 1924; that the land was thus dedicated to a public use without protest and hence with the tacit consent of the owners; and that for that reason the plaintiffs had no cause of action to recover the land, but were relegated to a personal action for its value; and that that action was barred by the prescription of 10 years.
 

 The plaintiffs then filed a motion averring that the plea of prescription was not well founded because no reference was made by the pleader to the law on which the plea was founded, and that the exception of no cause of action was unsound in law and should be overruled on the face of the pleadings. On this motion the plaintiffs obtained a rule on the defendant to show cause why the plea of prescription and the exception of no cause of action should not be overruled.
 

 After a hearing the judge overruled the exception of no cause of action and referred the plea of prescription to the merits. The plaintiffs then filed a supplemental petition, averring that the defendant had not expropriated the land, that the board had no authority under Act No. 99 of 1924 to expropriate the land, and especially had no authority to expropriate anything more than a right of flowage over the land; that the taking of the land by the defendant would constitute a taking of the plaintiffs’ property without due process of law, in violation of the Fourteenth Amendment of the Constitution of the United States, and of Section 2 of Article I of the Constitution of Louisiana.
 

 Thereafter the plaintiffs filed another supplemental petition, averring that Article 3544 of the Civil Code, on which the defendant’s plea of prescription was founded, was not applicable to a petitory action; that in any event prescription was suspended from September 23, 1922, to November 9, 1938, during which period the title to the land was in the State; that the land was sold to the State by the tax collector on September 23, 1922, for delinquent taxes for the year 1921, assessed in the name of Louis C. Spear, and that the plaintiffs redeemed the property from the tax adjudication on November 9, 1938. They averred that the land was high land, being formerly an orange grove, fronting on the river, and that the defendant never took actual possession of it.
 

 The defendant then filed another exception, in which it was contended that the tax title set up in the plaintiffs’ second supplemental petition was not consistent with the title set up in their original petition; and, without admitting the validity of the tax sale or of the redemption, referred to in the second supplemental petition, the defendant-averred that the tax debtor had neglected to redeem the property within the time allowed by law, after which the title was vested absolutely in the levee board, by virtue of the dedication made in the statute creating the levee district. The defendant pleaded again that the land was included in the large area dedicated to a public purpose, for the spillway, and hence that the plaintiffs had no right of action except to sue for the value of the land.
 

 Thereafter the defendant filed its answer. In the first paragraph the defend
 
 *290
 
 ant denied “each and every one of the allegations made by the plaintiffs save as hereinafter admitted.” Then followed fifteen paragraphs numbered from I to XV, in which the defendant repeated and amplified the allegations made’in the so-called exceptions theretofore filed. In paragraph XV the defendant declared that it repeated the foregoing answer as an answer to each of the articles of the plaintiffs’ petition and supplemental petitions.
 

 The attorney for the plaintiffs then filed a motion, averring that the defendant had failed to answer categorically each article in the original petition, or in either of the supplemental petitions, as required by law, and that the defendant had failed to set up specifically any title to the land in contest, and hence should be ordered to show cause why the answer should not be stricken from the record for the failure to comply with the Pleading and Practice Act, or, alternatively, why the defendant should not be directed to amplify its answer, by answering categorically each of the articles in the original petition and in the supplemental petitions, and, further, why the defendant should not set forth its title specifically, giving the date and form and place of registry of the deed, if in truth the defendant had a title to the property in contest. The rule was argued and submitted to the judge, and, several days afterwards, he gave judgment for the defendant, discharging the rule. Thereafter the attorney for the plaintiffs filed a motion averring again that the defendant had failed to answer their demand according to the provisions of the Pleading and Practice Act, and had failed to set up a title to the property in contest, and averring again that the pleas-of prescription set up by the defendant were unfounded in law, and hence that the plaintiffs were entitled to a judgment on the pleadings and the record. The judge issued a rule to show cause, and on the hearing of the rule he gave judgment for the plaintiffs, making the rule absolute and declaring the plaintiffs to be the owners of the land in contest.
 

 The only question presented is whether the pleadings warranted the judgment, declaring the plaintiffs to be the owners of the land, without requiring them to-offer evidence of their title. It is true that the attorneys for the defendant did not answer categorically the allegations in the plaintiffs’ petition or in either of their supplemental petitions. In fact there was no-direct or separate answer given to any one of the numbered articles or paragraphs of the petition or of either of the supplemental petitions. It was under authority of the fourth subdivision of the Pleading and Practice Act t-hat the plaintiffs claimed the right to submit to the judge, by a rule on the defendant, the question whether the plaintiffs were entitled to a judgment on the petition and answer. It is provided in that section that, for the purpose of the trial of such a rule, all of the material allegations of fact contained in the petition and not denied in the answer, and all allegations of fact contained in the answer, shall be deemed and taken as true. It is provided in the second section of the act that the defendant in his answer shall either admit or deny specifically each material allegation or (of) fact contained in the plaintiff’s petition; and it is provided
 
 *292
 
 ■ in the third section that all material allegations of fact contained in the petition which are not denied in the answer shall ,be deemed to be admitted. In this case the defendant did not fail to deny the material allegations of fact contained in the petition or in either of the supplemental petitions. On the contrary, in the beginning and again at the end of the answer, the defendant denied generally every allegation in the petition and supplemental petitions. The denial was not a denial of each allegation separately, as the statute requires. For that reason the judge should have ordered the defendant, in response to the rule to show cause, to answer specifically each allegation of fact contained in the plaintiffs’ petition and in their supplemental petitions, or abide the consequence. If the judge had made the rule absolute, and if the defendant thereafter had refused or neglected to redraft the answer so as to make it conform with the requirements of the statute, the plaintiffs might have been entitled to a judgment on the petition and answer. But, when the judge refused to order the attorneys for the defendant to redraft their answer to conform with the requirements of the Pleading and Practice Act, the logical inference was that the answer was deemed sufficient to prevent the rendering of a judgment on the petition and answer. It may be that the judge, in refusing to order the attorneys for the defendant to redraft their answer, warned them that a judgment might be rendered against the defendant on the petition and answer if they did not see fit to redraft the answer. But the record does not disclose that any such warning was given. All that the record shows on that subject is that after a hearing of the rule it was “discharged”; from which we infer that the attorneys for the defendant were given to understand that their answer to the suit was a sufficient compliance with the Pleading and Practice Act. In those circumstances a judgment should not have been rendered against the defendant on the petition and answer. The fact that certified copies of the title deeds relied upon by the plaintiffs were attached to their petition and supplemental petitions, and were made part of the allegations to which they referred, respectively, did not warrant the rendering of the judgment against the defendant on the petition and answer, in the circumstances which we have related. The copies of the deeds would have formed an important part of the allegations of the plaintiffs’ petition and supplemental petitions if the status of the case had warranted the rendering of a judgment on the petition and answer. But the status of the case did not so warrant.
 

 Our conclusion is that the case should be remanded to the civil district court to afford the attorneys for the defendant another opportunity to answer according to the Pleading and Practice Act, by either admitting or denying specifically each material allegation of fact contained in the plaintiffs’ petition . and supplemental petitions. The plaintiffs have the right to insist that the defendant shall comply with the statute or abide the consequence.
 

 The judgment appealed from is annulled and the case is ordered remanded to the civil district court for further proceedings consistent with this opinion. The defend
 
 *294
 
 ant is to pay the costs of this appeal; all other costs are to abide the final disposition of the case.