This is a petitory action. The matter is now before us on motion to dismiss the appeal or to transfer it to the Supreme Court on the ground that the value of the property which is sued for exceeds $2,000, the maximum jurisdictional limit of this court in such matters. Orleans Levee Board, appellant, opposes the motion, maintaining that the value of the property does not exceed $2,000. *Page 653 
This is the second appeal which it has been necessary to take in this case. The first was taken from a judgment which was rendered in favor of plaintiffs on the face of the pleadings under authority of the Pleadings and Practice Act, No. 157 of 1912, as amended by Act No. 300 of 1914, by Act No. 228 of 1924 and by Act No. 27 of 1926.
When that first judgment was rendered in favor of plaintiffs, defendant-appellant, Orleans Levee Board, appealed to the Supreme Court and that court remanded the matter to the Civil District Court for such further pleadings as might be appropriate and for a trial on the merits. See Emery v. Orleans Levee Board,200 La. 285, 7 So.2d 912. After the appropriate pleadings had been filed there was a trial and again there was judgment for plaintiffs, and again Orleans Levee Board has appealed; this time to this court.
In its motion for appeal, appellant referred to the fact that it had taken the first appeal to the Supreme Court and it sought to explain its apparent inconsistency in appealing on this occasion to this Court by the statement that there is now evidence in the record which affirmatively shows that the value of the property in dispute does not exceed $2,000, whereas when it took the first appeal there was in the record no evidence as to value, and it therefore acted upon the allegation in the petition of plaintiff to the effect that the property involved "is of greater value than Three Thousand ($3,000.00) Dollars."
The appellees, seeking to dismiss the appeal or to transfer it to the Supreme Court, call attention to that allegation in their original petition to the effect that the value of the property is in excess of $3,000, but, apparently not entirely relying on that allegation, they attach to their motion to dismiss or transfer the appeal, an affidavit of R.L. Emery, one of the appellees, in which he states that the value of the property exceeds $2,000, and in which he also gives other facts on which he predicates his belief concerning that value.
And the appellees also call attention to the fact that the first appeal was taken by the same appellant to the Supreme Court and assert that by this action, appellant is now estopped to contend that the appeal should be maintained in this Court.
The question whether, under such facts, an appeal should be taken to the Supreme Court is not free from doubt. In the first place, it must be remembered that no money demand is involved. It is the land itself which is sought, and the value of the land becomes important only for the purpose of determining jurisdiction as between this Court and the Supreme Court.
Where there is a demand for a sum of money, unless that demand has been inflated, there can be no doubt that the amount in dispute is the sum demanded, and that the appeal should go to the Supreme Court, or to this Court, according to whether the amount demanded exceeds, or does not exceed $2,000. But when it is not money which is demanded but property, either real or personal, or where a right is involved, the jurisdiction as between the Supreme Court and this Court is determined by the value of the thing or of the right.
In Frierson et al. v. Cooper, 196 La. 450, 199 So. 388, the Supreme Court considered a case in which the value of the right was not set forth in the pleadings and was not shown in the evidence. The appeal was taken to this Court, 196 So. 75, and the appellee filed here several affidavits in which he sought to show that the value of the right which was involved exceeded $2,000.
We were not satisfied that these affidavits showed the value to exceed $2,000, and refused to transfer the appeal to the Supreme Court. However, that Court granted a writ of certiorari, and later additional affidavits were filed there. That Court then held that these additional affidavits showed a value in excess of $2,000, and that the appeal should, therefore, be transferred to the Supreme Court.
In the case at bar we have not only the affidavit of Mr. Emery but we have also the allegation in the original petition that the value of the property exceeds $2,000, and if there was no evidence in the record we would, of course, transfer the appeal to the Supreme Court.
But there is evidence to which appellant points as clearly showing that in spite of the allegations in the petition, and in spite of the affidavit, the true value of the property which is involved is far less than $2,000, and we are, therefore, faced with the question of whether, in considering a motion to dismiss or to transfer the appeal on the ground that the value of the property exceeds $2,000, where there is evidence in the record showing the value, we *Page 654 
should study that evidence and be guided by it, or whether we are bound by the allegations in the pleadings and by the affidavit as to value.
In Heirs of R.L.S. Marmion v. Bridget McPeak, et al., 51 La.Ann. 1631, 26 So. 376, 377, is found a case (a petitory action as is this), in which it was sought to dismiss the appeal on the contention that the evidence showed the value of the property to be less than $2,000.
The petition of plaintiffs, verified by affidavit, showed a value in excess of $2,000, but the appellee moved to dismiss the appeal and relied upon the evidence as showing a value of very much less than the requisite amount.
The Supreme Court pointed out the distinction between the dismissal of an appeal in limine and a dismissal after a case has been regularly taken up and tried, and said that although the Court might, after hearing, dismiss an appeal because of facts shown in the evidence, it could not do so in limine because at that stage of the matter it could not consider evidence but must act on the pleadings alone.
"We think the pleadings of the plaintiffs, verified by affidavit, show a prima facie right to an appeal to the supreme court sufficient to withstand a motion to dismiss made in limine. We would not, on such a motion, be authorized to take up the testimony introduced on the trial of the cause, and base a dismissal in limine upon it. That testimony can only reach us regularly when the cause comes before us on its merits. Should the testimony in the case disclose at that time that the matter in dispute is smaller in value than required to vest appellate jurisdiction in this court, we will at that time dismiss the appeal. We must decline to dismiss it in limine, on the motion made."
When, for the first time, we read this case, we felt that it was directly and completely in point, and that under its authority we could reach no other conclusion than that here, since there is an allegation that the value of the property exceeds $2,000, we might not consider the evidence but should base our action on this allegation and transfer the appeal to the Supreme Court. But a realization of the injustice which might result induced us to give the matter further study, and we have now reached the conclusion that that result was arrived at in the Marmion case only because it was the appellants who had made the allegation that the value of the property involved exceeded $2,000.
A plaintiff who has alleged a value of more than $2,000 and who loses the case in the Trial Court and must appeal, may appeal to the Supreme Court because of the allegation which he, himself, has made, and later, if the Supreme Court, after studying the record, finds that, as a matter of fact, the value in dispute is less than $2,000, it may then dismiss the appeal and no one will suffer but plaintiff, himself, and he will suffer because he, himself, made the allegation as to the value, which proved to be untrue. But where it is the defendant who finds it necessary to appeal, it would manifestly be unfair to say that, regardless of the evidence, he must take his appeal to the Supreme Court merely because the plaintiff has alleged the value of the thing in dispute to be in excess of $2,000. The evidence may, in fact, show that the property involved is worth less than $2,000, and, if so, the appeal will be dismissed and the defendant-appellant who acted on the allegation of plaintiff will suffer irreparable injury if the appeal is entirely dismissed, and will suffer at least the cost of and the delay resulting if it is transferred. It would seem then to be only fair to permit an appellant, who has not made the allegation as to value, but who can point to evidence in the record showing the actual value, to rely upon that evidence and to take his appeal to the Supreme Court or to this Court, in accordance with what is shown by that evidence.
And there are other cases which seem to us to hold that in determining whether an appeal should be transferred or dismissed the appellate court in which the appeal has been lodged may study the record in an effort to determine just what value is shown in the evidence. Philip H. Sims v. Blaney T. Walshe, 49 La.Ann. 781, 21 So. 861, appears to us to be such a case. There, on motion to dismiss the appeal, the Supreme Court considered affidavits filed in that court, allegations made in the original pleadings and the record, itself. It is true that the motion to dismiss the appeal was overruled but the Court took that action after considering the testimony in the record, and after holding that that testimony did not disprove the allegation as to value which was contained in the petition.
Harmony Club v. New Orleans Gas-Light Co., 42 La.Ann. 453, 7 So. 538, is *Page 655 
another case which, as we read it, holds that the evidence in the record may be considered in determining the value of the thing or right which is in dispute, for in that opinion it is clearly shown that the Court considered all of the facts which were involved, and held that the appeal must be dismissed because from those facts it appeared that the value of the right in dispute was not sufficient to vest jurisdiction in the Supreme Court.
Surely it is the real value which should control and not the value which one of the parties may put upon the thing which is in dispute. Therefore, when the evidence as to value is in the record, that evidence should be investigated to determine that value. And why should such evidence not be considered in preference to affidavits? An affidavit is nothing more than a sworn statement made by one who is not subjected to cross examination, whereas the testimony so taken comes from witnesses who appear in open court and who are subject to cross examination. Why then should we be bound by an affidavit and be not permitted to study the testimony?
In State ex rel. Monnier v. Board of Pharmacy, 110 La. 99, 34 So. 159, on a motion to dismiss an appeal on the ground that the right to practice pharmacy, which was sought to be enjoined, did not exceed $2,000, the Supreme Court held that the record showed that the right exceeded that amount and maintained the appeal to that court.
In State v. Cook, 197 La. 1027, 3 So.2d 114, there was no motion to transfer or to dismiss the case but the Court discussed the question of jurisdiction, and finding from the record that the value of the thing in dispute was less than $2,000, ordered the appeal transferred to the Court of Appeal.
According to the Louisiana Digest, vol. 2, under the subject Appeal and Error, 47 (1), it was held in Armistead v. Lisso, Man.Unrep.Cas. 159, that
"The right of appeal, so far as it depends upon the amount in dispute, will not be determined by the allegations of the parties, when it is apparent that the actual value of the matter in dispute is below the jurisdiction of this court, and in such case the court will dismiss the appeal ex proprio motu."
If this is true, then obviously the best way to determine the actual value of the thing in dispute is to study the evidence concerning it.
We have studied the evidence and we find that the property which is in dispute was transferred seven times between the year 1904 and the present time, and, so far as we can determine from these transfers, the highest price which the property ever brought was in 1939 when a two-ninths interest in it was sold for $150. It would thus appear that the total property at that time had a sale value of only $675. It also appears from the testimony of Mr. Emery, himself, that the property was very much damaged by the 1915 storm and that, although at one time there was on it a valuable orange grove, that grove has apparently been entirely destroyed and no longer has any value whatever.
It is set forth in the affidavit of Mr. Emery that there are certain oil tanks on the property. It is not shown whether these belong to the owners of the property or whether they belong to the oil company which constructed them, but the affidavit leaves the very strong impression that they belong to the oil company. In fact, it appears from a copy of the lease which has now been filed with us — not by appellees but by appellant — that these tanks are the property of the oil company and not of the owners of the land. Furthermore, a survey which is in the record shows clearly that they are beyond the public levee, on the batture.
After considering all of the evidence which is in the record, we have no hesitation at all in saying that from that evidence alone the value of the property which is involved is shown to be only a small part of the $2,000 necessary to establish jurisdiction in the Supreme Court.
The land involved has a frontage on the river of only a few hundred feet and the rear portion is very low, and, being subject to overflow, is entirely unfit for cultivation. Mr. Emery, himself, testified that he first acquired his one-half interest in 1904, and that, at that time, there was an orange grove in cultivation but that since its destruction by the terrific hurricane which in 1915 devastated a large part of this section, so far as he knows, he has "never derived a dollar of revenue from it." We do find, however, that Mr. Emery's affidavit contains statements which tend to show a rather substantial value. For instance, he says that when he acquired his one-half interest in the property *Page 656 
he paid $2,500 for it, and he says too that the Gulf Refining Company has leased "the surface of the land on a ten year basis, paying therefor $5760.00 in advance.", and that the said company has been "accorded the right to renew the said lease for an additional ten years on the same basis."
However, the first statement that Mr. Emery paid $2,500 for his one-half interest in the property is refuted by the record itself in which we find a copy of the deed by which he acquired this one-half interest, and this deed shows that he paid $250 for this interest.
We next consider the statement as to the lease of the land to the Gulf Refining Company.
The question of the value of the property was raised by plaintiffs, themselves, who in their original petition made the allegation that it was worth more than $2,000. Obviously, this allegation was inserted for the purpose of giving to the Supreme Court jurisdiction of such appeal as might be necessary. For no other purpose, however, was the allegation material and therefore it did not raise one of those issues which, under the Pleadings and Practice Act, No. 157 of 1912, as amended by No. 300 of 1914, by No. 228 of 1924 and by No. 27 of 1926, required an answer. But since it was plaintiffs themselves, who made the allegation, they attempted to prove its truth by the testimony of Mr. Emery and, as we have already shown, they failed to do so. In fact, they made no serious effort to prove the value in spite of the fact that such evidence as they did introduce refuted their allegation concerning it. Now, for the first time, they have, by affidavit, called attention to this lease which they contend was executed after the filing of the suit, but which they also say was closed "after extensive negotiations." It seems clear that these extensive negotiations, to which reference is made in the affidavit dated on December 20th, 1942, must have been in progress on June 23rd, 1942, when Mr. Emery testified. In fact, a copy of that lease is now before us, filed with us by appellant, and it appears that it was made effective "as of" July 1st, 1940. Yet in his testimony he said not one word concerning this lease or any such negotiations.
Appellant has also filed a copy of another lease of a much more extensive tract including this property which shows a very much smaller rental. In view of the fact that the evidence concerning value is in the record, we are of the opinion that we should be governed by that evidence and that the parties should not be permitted to establish jurisdiction on appeal by filing affidavits and counter-affidavits and by making charges and counter-charges.
While it is true that affidavits may be resorted to when they are necessary for the purpose of establishing value where the evidence is silent, we think that parties should not be permitted to present evidence on such an issue and make no reference to essential facts, and then later attempt to establish those facts by affidavit. The burden of establishing the value was placed on plaintiffs by their allegation for the Supreme Court has no jurisdiction of an appeal unless the record affirmatively shows that it has.
In State v. Cook, supra [197 La. 1027, 3 So.2d 116], the Supreme Court said:
"* * * In determining whether this court has appellate jurisdiction because of the amount in dispute, or because of the value of the thing in dispute, or because of the subject matter of the suit, in a given case, the record must show affirmatively that the court has appellate jurisdiction; otherwise the appeal must be dismissed or transferred to the Court of Appeal. Nick v. Bensberg, 123 La. 351, 48 So. 986; Succession of Lynch,124 La. 127, 49 So. 1002; Weis v. New Orleans Board of Trade,125 La. 1010, 52 So. 130. According to Section 29 of Article VII of the Constitution the Courts of Appeal have appellate jurisdiction over all civil cases of which the District Courts have exclusive original jurisdiction and of which the Supreme Court is not given appellate jurisdiction."
This means that there is placed upon that party, who contends that the appeal should go to the Supreme Court, the burden of showing those facts upon which the jurisdiction of that court depends. Therefore, when the question of value was raised by plaintiffs, the burden was placed upon them to prove that value. This, they failed to do.
Accordingly, the motion to dismiss this appeal or to transfer it to the Supreme Court is overruled.
Motion to dismiss overruled. *Page 657