BEER, Judge.
This is a petitory action met by exceptions of no cause or right of action and a motion for summary judgment. The trial court maintained the exceptions, granted the motion, and dismissed the action.
This well briefed and ably argued matter comes to us on a record that contains considerable documentary evidence despite the summary nature of the proceedings. We conclude, from our review of it, that the judgment of the trial court is correct and affirm.
Plaintiffs in a petitory action must recover on the strength of their own title and not on the weakness of that of their adversaries and must establish in themselves a perfect title, good against the world. Thus, any break in plaintiffs’ chain of title is fatal to their claim.
No useful purpose will be served in burdening this opinion with a detailed description of the property or a lengthy recitation of the chronological events which took place during the pertinent time period. It is sufficient to say that the record supports the conclusions of the trial court for the following reasons:
(1)
By instrument dated September 13, 1919, the subject property was adjudicated to the State of Louisiana for nonpayment of taxes assessed in 1918 to Mrs. Marie St. Ann. In 1924 by Act 99, the subject property was dedicated for spillway purposes, removed from commerce and no longer subject to redemption. In 1942 by Act 311, the legislature confirmed and quieted the title of the Levee Board to all public lands lying in the Bohemia Spillway.
(2)
By instrument dated July 9, 1941, the subject property was adjudicated to the State of Louisiana for nonpayment of taxes assessed in 1940 in the name of Mrs. Marie St. Ann. By Act 311 of 1942, the legislature confirmed and quieted the title of the Levee Board to all public lands lying within the Bohemia Spillway, thus removing the subject property from commerce and making it no longer subject to redemption.
(3)
On June 7, 1913, the subject property was sold at tax sale in the name of W. O. Crowell to R. M. White for the unpaid taxes of 1912. Thereafter it was sold to one Kranewell at a marshall’s sale on June 26, 1915. Thus, the sale of July 10, 1917 to Marie Stamm Schutten which forms the basic link in plaintiffs’ chain of title was inefficacious.
Without seriously contesting the adequacy of the record, plaintiffs-appellants argue that:
(1)
The 1919 tax adjudication of the subject property was null and void because one of *607 the fractional sections comprising the subject property (section 3) had been the subject of a dual assessment in 1918, and, the taxes assessed against that section (section 3) were paid prior to the 1919 adjudication.
(2)
The 1941 tax adjudication of the subject property is invalid because the subject property (including section 3) having been adjudicated to the State in 1919 could not have been adjudicated to the State in 1941.
(3)
The marshall’s sale on June 26, 1915 was not effective because on June 23, 1915 W. O. Crowell redeemed from R. W. White the subject property which White had acquired by virtue of the June 7, 1913 tax sale.
Upon close examination, the ably advanced contentions of appellants are not susceptible to the total judicial acceptability necessary to sustain the precarious position of petitioners in a petitory action. Since the failure of any one of their contentions is fatal to their claim, we deem it unnecessary to delineate with particularity the failures apparent in the record subsequent to the inefficacious sale from Crow-ell to Marie Stamm Schutten on July 10, 1917 which forms the basic link in appellants’ contended chain of title.
Prior to this sale, the property (which appellants claim has been redeemed by Crowell from Mr. R. M. White on June 23, 1915) was subject to the judicial mortgage of Mr. White’s creditors which was recorded on August 28, 1914. Mr. White had previously purchased the property at a tax sale on June 7, 1913. At this time, the statutory period for redemption of a tax sale was one year under Article 233 of the Constitutions of 1898 and 1913, respectively. Mr. Crowell failed to redeem the property within one year. Mr. White’s title thus “ceased to be inchoate” Holland v. Holland, 28 So.2d 137 (La.App., 1946) and the property was then properly subject to the judicial mortgage. That mortgage was, thereafter, foreclosed and precipitated a marshall’s sale on June 26, 1915 to one Buck as agent for one Kranebell (or Kranewell). That marshall’s deed was executed on July 7, 1915 and duly recorded in Plaquemines Parish on July 20, 1915.
On the face of the record, we find that it was not error to conclude that, under the circumstances, appellants have not established their original title in the property. In a petitory action this conclusion effectively obviates the need to go further. A plaintiff in a petitory action must rely on the strength of his own title and not on the weakness of that of defendant. The title of defendant is not at issue until plaintiff has proved valid title in himself. Montgomery v. Breaux, 297 So.2d 185 (La.1974); Cook v. Martin, 188 La. 1063, 178 So. 881 (1938).
We further find that the 1919 tax adjudication was valid as to all but Section 3, and the 1941 tax adjudication was valid as to Section 3. Thus, the combination of these two adjudications would strip away any remaining shreds (if any there were) of appellants’ claim, particularly when considered in light of Act 99 of 1924 and Act 311 of 1942. See Emery v. Orleans Levee Board, 200 La. 285, 21 So.2d 418 (La.1945), and also Tillery v. Fuller, 190 La. 586, 182 So. 683 (1938).
The judgment is affirmed at appellants’ cost.

Affirmed.