442 So.2d 669 (1983)
Edna Zeringue EGLE, et al.
v.
Roland KIDD, Jr., et al.
No. 83 CA 0202.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*670 Victor J. Versaggi, Patterson, for plaintiffs-appellees.
Edward M. Leonard, Jr., Morgan City, for D.C. Walsh Co., appellee.
Edward J. Milligan, Jr., Lafayette, for Roland Kidd, Jr., et al., defendants-appellants.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
This is an appeal by Roland Kidd, Jr., Robert C. McHugh, Clifford Dressel and D.C. Walsh Company, Inc., plaintiffs, from a judgment in favor of Nell Egle Brown and Marilyn Egle Sonnier,[1] defendants, dismissing plaintiffs' petitory action.[2]
The trial court, assigning written reasons, granted defendants' motion for directed verdict, and dismissed plaintiffs' suit.
On appeal, plaintiffs argue that the trial court erred in granting a directed verdict, and in failing to find that plaintiffs had proved their title to the disputed property. We affirm the decision of the trial court.
This appeal arises out of a possessory action that was converted into a petitory action by the Kidd group, and involves a 100-acre tract of land in Assumption Parish, described as:
That certain tract or parcel of land containing One Hundred (100) acres, more or *671 less, and more fully described as being the south one-half (S/2) of the southwest one-quarter (SW/4) of Section Thirty-six (36) and a fractional portion of Section Thirty-five (35), Township 13 South, Range 12 East, East of Belle River, and bounded on the North by lands of Gaspar, South by lands of Sulia Gaudet and/or M. Michel (now or formerly), West by Belle River and East by lands now or formerly of Brownell-Drews Lumber Company, Ltd.
This controversy centers around a disposition in the will of Gus Drews. In his last will and testament, Gus Drews made a testamentary disposition to R.E. Kidd, of "Birnley Place" or Plantation, which was located in Assumption Parish, Louisiana, and named his brother, William Drews, and his sister, Ella Drews Kidd, the residuary legatees.
Ella Drews Kidd was married but once, and then to R.E. Kidd, and of this marriage six children were born, Hugh Kidd, Roland Kidd, Arleigh Kidd, Douglas Kidd, Margaret Kidd Siener and Ella Kidd. Two of the six children born to Ella Drews Kidd and R.E. Kidd had children of their own. Hugh Kidd, had one son, Hugh Kidd, Jr. Roland Kidd (Sr.) had two children, Margie and Roland Kidd, Jr. Douglas, Arleigh, and Ella Kidd were never married and they had no children. Margaret Kidd Siener was married once, divorced, and had no children. William Drews was married but once and to Gazina Becker, and of this marriage three children were born, William Drews, Jr., Edna Drews Cox and Grace Drews Lehmann. Ella Drews Kidd and R.E. Kidd died intestate survived by their six children who were sent into possession by judgment dated June 29, 1945.
Before evaluating the facts and the law to make a determination of the issues involved herein, we observe that the motion for directed verdict in this non-jury case was filed and granted at the close of the plaintiffs' presentation of evidence.
Pursuant to LSA-C.C.P. art. 1810 B,[3] in an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party may move for dismissal of the action on the ground that upon the facts and law, the plaintiff has failed to show a right to relief. The court may, after determining the facts and applying the law, render judgment in favor of the mover.
In non-jury cases, such as the instant case, the appropriate standard for the trial court's determination of a motion for directed verdict is whether plaintiff has presented sufficient evidence on his case-in-chief to establish his claim by a preponderance of the evidence. In making its determination on such a motion, the trial court is not required to review the evidence in the light most favorable to plaintiff, but may, based upon a preponderance of the evidence, render judgment in favor of the mover. Moreover, the directed verdict in a non-jury case should not be reversed in the absence of manifest error. Thomas v. Thom, 408 So.2d 442 (La.App. 1st Cir.1981), writ denied 412 So.2d 85 (La.1982).
In Bradley v. Hunter, 413 So.2d 674, 676 (La.App. 3rd Cir.1982), writ denied 415 So.2d 952 (La.1982), the Court stated:
When a motion for a dismissal is filed under this provision, the proper standard to be applied by the trial court, in ruling upon the motion, differs from the standard to be used when a motion for a directed verdict is filed in a jury trial. In a non-jury trial, the trial judge, upon a motion under art. 1810(B) for a judgment of a dismissal (upon completion of the plaintiff's case), must weigh and evaluate all of the evidence presented up to *672 that point in the trial and must grant dismissal if the plaintiff has not established proof by a preponderance of the evidence. Semien v. PPG Industries, Inc., 413 So.2d 956 (La.App. 3rd Cir. 1982); Murray v. Haspel-Kansas Investments, 395 So.2d 453 (La.App. 4th Cir. 1981). (footnote omitted.)
The burden of proof in the petitory action is provided in LSA-C.C.P. art. 3653 as follows:
To obtain a judgment recognizing his ownership of immovable property or real right therein, the plaintiff in a petitory action shall:
(1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession thereof; or
(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof. When the titles of the parties are traced to a common author, he is presumed to be the previous owner.
Plaintiffs in a petitory action must recover on the strength of their own title, not on the weakness of that of their adversaries. Schutten v. Orleans Parish Levee District, 320 So.2d 605 (La.App. 4th Cir. 1975), writ denied 323 So.2d 806 (La.1976).
At trial, the plaintiffs introduced a number of exhibits and elicited testimony in their attempt to prove title. The exhibits and testimony reveal that the property in dispute was acquired by Gus Drews from Newton J. Foote in December of 1901. The ownership of Gus Drews is undisputed, and he is the common author in title. The will of Gus Drews, in olographic form, dated September 16, 1919, was filed in evidence. Gus Drews died testate on January 13, 1923, leaving property described as the "Birnley Place" to his brother-in-law, R.E. Kidd. The remainder of the deceased's property was left to his brother, William Drews, and his sister, Ella Drews Kidd, the wife of R.E. Kidd. By instruments referred to as Acts of Relinquishment and Ratification in November, 1936, the heirs of William Drews, the surviving spouse of William Drews and heirs of Ella Drews Kidd (but see footnote 4, infra) conveyed to R.E. Kidd, his heirs and assigns, "Birnley Place" and included the disputed 100 acres of land on Belle River.
Plaintiffs proof of their record title consisted of the following:
(1) Deed dated December 28, 1901, from Newton J. Foote to Gustave Drews (Gus), several tracts of land in Assumption Parish, including the subject property.
(2) Judgment putting universal legatees in possession dated March 14, 1923. William Drews and Ella Drews Kidd, in the proportion of one-half each, are named universal legatees.
(3) Judgment of possession dated June 29, 1945, recognizing the children of Robert E. Kidd and Ella Drews Kidd as the heirs of the decedents. Roland Kidd, Sr., Hugh Kidd, Douglas Kidd, Ella Kidd and Margaret Kidd Siener, undivided one-fifth each, were put in possession of the estates of the decedents. Tracts of land in a number of parishes, including Assumption Parish, are listed. The judgment specifically recognizes them as owner only as to an undivided one-half interest in the mineral rights in the subject property (It does not recognize any interest in the land as belonging to the decedents).
(4) Judgment of possession dated February 18, 1957, in the Successions of Roland Kidd, Sr. and Annie Talbot Kidd, recognizing Roland Kidd, Jr. and Margie Kidd Price as the heirs of the decedents. The property described includes property in St. Mary, Assumption and St. Martin Parishes, but does not include the disputed property. (An amended judgment of possession which described certain corporate stock, dated July 27, 1977, was made a part of this exhibit).
(5) Act of Relinquishment of Title dated November 17, 1936, from William Drews, III, Edna Drews Cox, and Grace Drews Lehmann, heirs of William Drews, Jr., deceased, recognizing the ownership of Robert E. Kidd in "Birnley Plantation," and included the 100-acre tract in dispute herein. *673 The grantors relinquished and quit-claimed any rights they might have had in the described property. They acknowledged also that Kidd was in possession thereof and had been in open, undisputed and continued possession of the tract, as owners, since on or about February 29, 1923.
(6) Act of Relinquishment of Title dated November 23 and 29, 1936, from Arleigh Kidd, Ella Kidd, Roland Kidd, Margaret Kidd Siener[4], Douglas Kidd and Hugh Kidd, heirs of Ella Drews Kidd, recognizing the ownership of Robert E. Kidd in "Birnley Plantation", and included the subject property. The grantors relinquished and quit-claimed any rights in the property and acknowledged R.E. Kidd's possession thereof. The instrument recited the same statement regarding said possession as did the November 12, 1936, act.
(7) Cash deed dated January 14, 1958, from Ella Kidd and Margaret Kidd Siener to Roland Kidd, Jr. conveying an undivided 44.87 acres in: Southeast Quarter of Section 36, Township 13 South, Range 12 East, containing 161.74 acres more or less, and 17.75 acres, more or less, in the Southwest Quarter of the same section, all in Assumption Parish.
(8) Agreement between Roland Kidd, Jr. and D.C. Walsh, dated January 17, 1958, affecting an undivided 33 acres in the same property described in the paragraph immediately above. The agreement does not purport to transfer the described property.
(9) Sale from William Drews, Grace Drews Lehmann and Edna Drews Cox to Roland Kidd, Jr., dated June 11, 1958, of their undivided interest. The described land, containing 395 acres, more or less, purports to be redeemed by Kidd from the grantors. The purchase is limited to the surface rights, the minerals are reserved, and the property is warranted only to the extent of return of the purchase price.
(10) Sale dated April 11, 1960 from William Drews, Grace Drews Lehmann and Edna Drews Cox to Roland Kidd, Jr., a one-eighth undivided interest in numerous parcels of land, with warranty limited to the extent of the purchase price.
(11) Sale dated February 7, 1961, from David C. Walsh to Roland Kidd, Jr., a one-eighth undivided interest in numerous parcels of land, without any warranty.
(12) Cash deed dated April 16, 1964, from Nick J. Arcemont, Jr. to Roland Kidd, Jr. of vendor's undivided interest in the surface rights to a tract of land in Section 36, Township 13 South, Range 12, East, Assumption Parish, Louisiana.
(13) Sale from Nick J. Arcemont to Roland Kidd, Jr., dated April 1964, of an undivided interest, without warranty, in numerous tracts of land.
(14) Release and quitclaim affecting the South half of Sections 35 and 36, Township 13 South, Range 12 East, Assumption Parish, dated June 29, 1971, from Cyrus Giroir (judgment creditor) to Roland Kidd, Jr. (judgment debtor).
(15) Deed from Julia B. Walsh, Dewey B. Walsh and D.C. Walsh, Jr. to D.C. Walsh Co., Inc., dated July 14, 1964, conveying an undivided interest in numerous tracts of land.
(16) Deed from Roland Kidd, Jr. to Granville Alpha, dated August 25, 1958, of an undivided one-half interest in tracts of land, including tracts in Section 36, Township 13 South, Range 12 East, Assumption Parish.
(17) Cash deed dated January 12, 1978, from Roland R. Kidd to Clifford G. Dressel, of undivided one-sixteenth interest in vendor's rights in a tract of land in Southwest Quarter of Section 36, Township 13 South, Range 12 East (and portions of Section 35). The deed is not recorded in Assumption Parish.
(18) Act of transfer from Roland Kidd, Jr. to Robert C. McHugh, dated January 20, 1976, conveying an undivided one-sixteenth interest in the South half of Section 36 and parts of Section 35, Township 13 *674 South, Range 12 East. Also, there is a deed dated February 20, 1976, purporting to be act of correction, transferring an undivided one-sixteenth of vendor's undivided right, title and interest in the surface rights of the property.
(19) Purports to be original records of the attorney who handled the Successions of Roland Kidd, Sr. and Annie Talbot Kidd, Douglas Kidd, and Ella Drews Kidd.
(20) Copy of letter from J.Y. Gilmore to Raymond Egle, dated September 6, 1948, concerning the subject property.
The plaintiffs attempted to prove their case by showing a record title; they do not claim ownership by virtue of acquisitive prescription. The evidence in the record does not establish an unbroken chain of valid transfers to the Kidd group from an ancestor in title common with the Egles. See Crown Zellerbach Corporation v. Heck, 407 So.2d 770 (La.App. 1st Cir.1981). This is shown inter alia, by the following:
(1) The declaration by the Succession of R.E. Kidd of Kidd's mineral interest only in the property (previously sold to Egle), and the declaration that it was his separate property.
(2) The Act of Relinquishment and Ratification in favor of R.E. Kidd to the disputed property.
(3) The lack of acquisition of Nick Arcemont, in the plaintiffs' chain of title.
Any break in plaintiffs' chain of title is fatal to their claim. The chain of title upon which plaintiffs' base their claim, instead of being clear, is obviously suggestive of litigation. This is illustrated by the items listed above. The record fails to explain these items, particularly the acts of relinquishment and ratification.
In reaching this conclusion, we point out that the plaintiffs had the burden of clarifying, explaining or removing these and any other deficiencies in the title. Rivet v. Dugas, 377 So.2d 489 (La.App. 4th Cir.1979). They failed to do so.
When the plaintiffs traced the titles of the parties to a common author, it was unnecessary for them to go further and trace the title to the sovereign, because the common author is by law presumed to be "the previous owner." LSA-C.C.P. art. 3653; Weaver v. Hailey, 416 So.2d 311 (La.App. 3rd Cir.1982). Nevertheless, as plaintiffs out of possession in the petitory action, they had the burden of proving their title pursuant to LSA-C.C.P. art. 3653, as construed by Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974). According to Pure Oil, a plaintiff in a petitory action proves his title when he proves ownership either by an unbroken chain of valid transfers from the sovereign or an ancestor in title common with the defendant.
On the face of the record, we find that it was not error for the trial judge to conclude that, under the circumstances, the Kidd group failed to establish their title in the subject property. In a petitory action, this failure obviated any need of the trial court to go further with the trial. The title of the Egle group was not at issue until the plaintiffs had proved title in themselves. Green v. Cenac, 336 So.2d 349 (La.App. 1st Cir.1976), writ denied 339 So.2d 20 (1976).
For the foregoing reasons, we affirm the judgment of the trial court at appellant's costs.
AFFIRMED.
NOTES
[1] Edna Zeringue Egle, one of the original parties to the suit, died pending the action and Nell Egle Brown and Marilyn Egle Sonnier were substituted for the decedent.
[2] The Egle group originally sued the Kidd group in a possessory action over the property in dispute. The Kidd group converted the suit into a petitory action so they are the plaintiffs in the action before the court. Robert G. Haik, Brownell-Kidd Company and the Estate of Granville Alpha have settled their cases and are not parties to the appeal.
[3] LSA-C.C.P. art. 1810 provides:

* * * * * *
B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
[4] Although the instrument recites that Ms. Siener, Douglas Kidd and Hugh Kidd are represented by their attorney-in-fact, R.E. Kidd, no Power of Attorney appears in the record.