EDWARDS, Judge.
From a trial court judgment dismissing their petitory action, plaintiffs appeal. We reverse.
Plaintiffs sought to be declared the owners of a certain tract of land along Bayou Corne in Assumption Parish. The record reveals that plaintiffs purchased the land from Daniel Porta, who purchased the land from Edward Scioneaux, thus creating the unusual circumstance of a defendant in the plaintiffs’ chain of title. Defendants,[1] on the other hand, claim they never sold the land. In any event, they maintain that they have lived on the property since 1979, when they acquired the land, and consequently they claim the right to possess as well as ownership.
In 1978 Stephen Joffrion (no relation to plaintiff) purchased Mr. Scioneaux’s undivided forty percent interest in a large tract of land along Bayou Corne. In addition to paying him $30,000, Joffrion, who owned the remaining sixty percent interest in the land, agreed to transfer to defendants in full ownership a 75' X 100' lot of their choice. After Mr. and Mrs. Scioneaux chose a lot, they changed their minds, and asked Joffrion to substitute a corner lot for the one they had originally claimed. It was at this point that the events which gave rise to this present dispute occurred.
According to Joffrion, he agreed to make the substitution, but asked Mr. Scioneaux for a favor in return. Joffrion had the adjoining lot already sold at that time, but because he anticipated the possibility of an income tax problem upon receiving the purchase price, he asked Mr. Scioneaux to allow him to transfer that adjoining lot to Scioneaux and then have Scioneaux transfer that adjoining lot to Joffrion’s prospective buyer. Scioneaux agreed. Accordingly the act of correction, executed April 20, 1979, states that Joffrion transferred lots 10 and 11 and the south 25 feet of tract C, all of which amounts to 125 feet along the Bayou, rather than the 75 feet agreed upon as the Bayou frontage for Scioneaux’s lot.
By act of sale dated June 11, 1979, and recorded June 21, 1979, Daniel Porta purchased from Mr. Scioneaux a parcel of land described as the north half of lot 11 and the south 25 feet of tract C, having a frontage of 50 feet on Bayou Corne. By act of sale dated October 11, 1979, and recorded October 15, 1979, plaintiffs, Charles and Anna Mae Joffrion, purchased the property from Daniel Porta. Charles Joffrion testified at trial that some time after he purchased the property, defendants moved their mobile home onto the middle of his lot, and continued to dwell there, despite his repeated requests for them to vacate the property.
To recover in a petitory action, a plaintiff must prove his title. He must depend not on the weakness of the -defendant’s title, but on the strength of his own title. Egle v. Kidd, 442 So.2d 669, 672 (La.App. 1st Cir.1983). Nevertheless in a petitory action the plaintiff’s burden of proof is dependent upon whether the defendant is in possession of the property. Thus whether defendant is in possession is *514 the premiere issue of any petitory action. If defendant is not in possession, plaintiff need only prove a better title than defendant. If, on the other hand, the court finds that the defendant is in possession, plaintiff has a more onerous burden. He must prove “that he has acquired ownership from a previous owner or by acquisitive prescription.” LSA-C.C.P. art. 3653.
Because plaintiffs have carried the more onerous burden, however, we need not determine whether defendants were in possession. Plaintiffs showed an unbroken chain of title back to Stephen Joffrion, defendants’ vendor. “When the titles of the parties are traced to a common author, he is presumed to be the previous owner.” LSA-C.C.P. art. 3653. With the help of this presumption, plaintiffs have proved that they acquired ownership from a previous owner. The ownership of Stephen Jof-frion was undisputed; all parties traced their claims to him. He is their common author, and therefore is presumed to be the previous owner. See Egle v. Kidd, 442 So.2d at 672.[2]
On the other hand, defendants contend that they never sold the property to Mr. Porta. Yet the act of sale from Edward Scioneaux to Daniel Porta is of record. If defendants intended to assert that the obligation evidenced by that act of sale is null, they had the burden of proving the nullity. LSA-C.C. art. 1831. This defendants failed to do. The record reflects that Mrs. Scioneaux signed the document for Mr. Scioneaux and with his permission. Mr. Scioneaux said that Mrs. Scioneaux signed everything for him. Defendants did not establish any vices of consent. On the contrary, Mrs. Scioneaux testified that she knew she was signing an act to transfer land that had never really been theirs in the first place. In any event, the plaintiffs are protected because the “[n]ullity of a contract does not impair the rights acquired through an onerous contract by a third party in good faith.” LSA-C.C. art. 2035.
For the foregoing reasons, the judgment of the trial court is reversed, and it is ordered that plaintiffs, Charles and Anna Mae Joffrion are hereby declared the true and lawful owners of the following described property:
A certain lot or parcel of ground in the Parish of Assumption, being located in the North half of the Northwest Quarter of Section 40, T-12-S, R-13-E, and being described as the North One-Half (N-½) óf LOT ELEVEN (11), and the SOUTH TWENTY-FIVE (25) feet of TRACT “C”, as shown on a map by Ray D. Ivy, Registered Land Surveyor, dated September 19, 1978. Said parcel is bounded on the North by the remainder of Tract C, on the South by remainder of Lot Eleven (11), on the East by a thirty (30) foot access Street, and on the west by Bayou Corne, having a frontage of fifty (50) feet on said bayou.
It is further ordered that defendants vacate the above described property. All costs are assessed against defendants.
REVERSED AND RENDERED.

. Although the conveyance records do not reflect that Mrs. Scioneaux had an interest in the subject property, both Mr. and Mrs. Scioneaux were named defendants, apparently because of the presumption of community property. See LSA-C.C. art. 2340.

. We note the conflict between our holding and this court's earlier dicta in Bickham, Inc. v. Graves, 457 So.2d 1210, 1212 (La.App. 1st Cir. 1984), to the effect that there can be no common author in title where, as here, defendant no longer has title.