JiKNIGHT, Judge Pro Tem.
Plaintiff, Mary Ann Boutte, appeals from a trial court judgment granting an involuntary dismissal of her slip and fall case, pursuant to La.Code Civ.P. art. 1672, upon motion of the defendant, Winn Dixie Louisiana, Inc.
FACTS
On April 28, 1991, Boutte stopped at the Winn-Dixie store in Rayne, Louisiana to do some grocery shopping on her way home from work. Her daughter, Laura Boutte Smith, had accompanied her to the store. Smith had left her mother in the aisle with the display of baby bottle nipples and gone to purchase groceries just prior to the accident. After going to the dairy ease and getting eggs, Smith returned to the area where she had left Boutte in time to hear her scream and see her slide across the floor and land on her side. Both Boutte and Smith testified | gthat Boutte slipped on a piece of cellophane wrapping from a toilet paper package. A display of toilet tissue packages was located at the end of the aisle where Smith had left Boutte to choose a baby bottle nipple.
Zanny Matte, the location manager for the Winn Dixie, had inspected the area just 15 to 20 minutes prior to Bouttte’s fall and found no debris or other objects. Additionally, neither Boutte, Smith or the other shoppers in the area recalled objects on the floor prior to Boutte’s fall.
After Boutte presented her case, Winn Dixie moved to have the ease involuntarily dismissed pursuant to La.Code Civ.P. art. 1672. The trial judge granted Winn Dixie’s motion finding that Boutte had failed to prove that Winn Dixie had either actual or constructive notice. Boutte appeals from the dismissal of her suit, alleging that the trial *1110 court improperly granted Winn Dixie’s motion.
LAW
The granting of an involuntary dismissal is provided for in La.Code Civ.P. art. 1672, which in pertinent part provides:
B.In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
In Shafer v. State, Through Dept, of Transp. and Development, 590 So.2d 639, 642 (La.App. 3 Cir.1991), this court explained that:
In non-jury cases, the appropriate standard for the trial court’s determination of a motion to dismiss is whether the plaintiff has presented sufficient evidence on his case-in-chief to establish' his claim by a preponderance of the evidence. In making its determination on such a motion, the trial court is not required to review the evidence in the light most favorable to the plaintiff as is done when a motion for directed verdict is filed in a jury case. Egle v. Kidd, 442 So.2d 669 (La.App. 1st Cir.1983). Thejsjudge is only required to weigh and evaluate all of the evidence presented up to that point and grant a dismissal if the plaintiff has failed to establish his claim by a preponderance of the evidence. Bradley v. Hunter, 413 So.2d 674 (La.App. 3rd Cir.1982), writ denied, 415 So.2d 952 (La.1982). A dismissal based on La.C.C.P. art. 1672(B) should not be reversed in the absence of manifest error. Smith v. Vernon Parish School Bd., 442 So.2d 1319 (La.App. 3rd Cir.1983), writ denied, 445 So.2d 451 (La.1984).
Therefore, the question on appeal is whether the trial judge was manifestly erroneous in finding that Boutte had failed to establish her cause of action by a preponderance of the evidence. La.R.S. 9:2800.6, in part B, addresses the burden of proof of a plaintiff in a slip and fall case:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) “Constructive notice” means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
(2) “Merchant” means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322 or 2695.
In ruling on the motion to dismiss, the trial judge stated that he found Boutte failed to present evidence of Winn Dixie’s actual or constructive notice of the condition alleged to have caused Boutte’s accident. On the issue of constructive notice, the trial judge stated that since the area where Boutte fell had been | inspected fifteen or twenty minutes before the accident, the doctrine of constructive notice did not apply. Accordingly, the trial judge granted Winn Dixie’s motion for involuntary dismissal.
The existence of actual or constructive notice is a question of fact. In order to reverse a factfinder’s determinations of fact, *1111 the appellate court must review the record in its entirety and find that a reasonable basis does not exist for the finding of the trial court, and that the factfinder is clearly wrong or manifestly erroneous. Welch v. Winn-Dixie Louisiana, Inc., 94-C-2331 (La. 5/22/95), 655 So.2d 309, citing Stobart v. State, Through DOTD, 617 So.2d 880 (La. 1993).
The Louisiana Supreme Court spoke on La.R.S. 9:2800.6 as revised in 1990 for the first time on a plaintiffs burden of proof in Welch v. Winn-Dixie Louisiana, Inc. In that case the court reversed the appeal court and reinstated the jury verdict which found that Winn Dixies had constructive notice of the cooking oil spill which caused the plaintiffs fall. The assistant manager of the store testified that he had been down that aisle for a price check about five minutes before the accident, but had not walked past the cooking oil. He could not recall the last time the cooking oil area had been inspected, though his usual practice was to walk the store every ten to fifteen minutes. In support of the jury finding the court noted that, although the assistant manager had been in the aisle only minutes before, it was not to perform a floor inspection. A former assistant manager testified about prior problems with cooking oil bottle breakage and spillage. Despite this, there was no person designated to be in charge of inspecting the aisle and no set procedures for inspection. The court found that the record supported the jury’s finding that Winn Dixie had constructive notice because the oil would have been discovered had the assistant manager properly inspected the aisle or if the store had | gproper safety procedures.
In the present case Matte, the manager, testified that at the time of the accident there was a set policy of inspecting the store which was referred to as the Dr. Pepper walk because it was done at approximately 10:00 a.m., 2:00 p.m. and 4:00 p.m. The purpose of these walks was specifically to look for debris or other objects. Matte explained that he was the person designated to do this inspection of the aisles. The store had fifteen aisles to inspect which were each approximately 80 feet long and took approximately ten minutes to inspect. Matte testified that he had performed this inspection fifteen or twenty minutes prior to Boutte’s fall and had found nothing in that aisle. He explained that his normal procedure was to pick up any debris or objects he spotted in the aisles and to carry them with him until he completed the inspection walk. At the end of the walk he would place the items collected in appropriate places.
Boutte testified that the baby nipple display was located toward the back end of the aisles next to the toilet tissue display. The toilet tissue display was at the very end of the aisle facing the back of the store where the meat counter was located. Boutte said that after selecting the baby nipple she wanted, she proceeded toward the back of the aisle. Boutte claimed that at this point she was not searching for other items or looking at the displays, but was watching where she was walking. However, she did not see the cellophane or the board which were allegedly on the floor until after she fell.
Smith testified that when she left Boutte at the baby nipple display to go to get eggs in the dairy case, she exited the back of the aisle where the toilet tissue display was located, but saw neither the cellophane, nor the board. She said she only left her mother for a matter of seconds to get the eggs. Upon her return she | 6heard her mother scream and saw her fall. She stated that when her mother fell she struck the display of tissue and then fell into the middle of aisle.
In addition to her own and her daughter’s testimony, Boutte produced the testimony of two other shoppers at the Winn Dixie, Mary and Chad Keel who were mother and son. They were in the meat section at the back of the store approximately ten to fifteen feet from the spot where Boutte fell. The aisles ran perpendicular to the back wall of the store where the meat counter was located. Neither noticed the cellophane or the board prior to the fall.
Matte testified that he inspected the aisle fifteen to twenty minutes before the fall. He was specifically looking for debris or other items in the aisles, but found none. No one else placed the cellophane or the board in the aisles prior to Boutte’s fall. From the *1112 evidence the trial judge could reasonably infer that Matte properly inspected the area just prior to the fall and therefore, Winn Dixie had no constructive notice of the cellophane and the board. We find that the trial judge was not clearly wrong or manifestly erroneous in finding that there was no constructive or actual notice on the part of Winn Dixie. Accordingly, we affirm the trial court judgment granting the motion for involuntary dismissal of Boutte’s case.
DECREE
The trial court judgment is affirmed. Costs assessed to the plaintiff-appellant, Mary Ann Boutte.
AFFIRMED.