|2FOGG, Judge.
This litigation involves a dispute regarding ownership of a tract of immovable property located in St. Helena Parish, Louisiana. For the following reasons, we affirm the judgment of trial court.
On February 16, 1992, the Mt. Everett African Episcopal Church filed suit against Clyde Louis Carter, Sarah Nell Carter Larson, Peggy Carter Cox Bales, Jane Carter Terito, and Wellington W. Carter, Jr. (hereinafter the “Carters”). The action was entitled “Petition for Declaratory Judgment.” Therein, plaintiff asserted its possession of the property and sought judgment declaring it to be the owner of a twenty-one acre tract of immovable property located in St. Helena Parish. In response, defendants filed dilatory exceptions raising the objections of vagueness, ambiguity, and improper cumulation. Subsequently, defendants answered the petition, admitting the petitioner’s possession as owner of approximately two acres of the tract which constitutes the church’s cemetery and is surrounded by a fence (hereinafter the “Cemetery Property”). However, defendants denied the allegations that the petitioner acquired ownership of the remainder of the tract (hereinafter the “Disputed Tract”). Further, defendants asserted the affirmative defense that they are in possession of the tract except for the part constituting the Cemetery Property.
After conducting a hearing on the exceptions, the trial court dismissed the objections *1181 of vagueness and ambiguity and sustained the objection of improper cumulation, finding plaintiff had improperly cumulated possesso-ry and petitory actions. The court held that by cumulating these actions plaintiff converted its action to a petitory action pursuant to LSA-C.C.P. art. 3657.
IsAfter hearing the merits of the case, the trial judge rendered judgment finding Mt. Everett Church to be the owner of the parcel of ground containing 2.76 acres and constituting the Cemetery Property. The court rejected the remaining claims of plaintiff and rendered judgment in favor of defendants finding them to own the remaining 18.24 acres of the tract. Mt. Everett Church appeals that judgment.' At issue on appeal is the ownership of the Disputed Tract.
Initially, Mt. Everett Church asserts that the trial court erred in sustaining defendants’ exception of improper cumulation and in determining that the present action is a petitory action. Appellant contends that the present action is an action for declaratory judgment governed by the burden of proof set forth in LSA-C.C.P. art. 3654, rather than that set forth in LSA-C.C.P. art. 3653, which applies to petitory actions. Plaintiff contends further that the evidence establishes that it would prevail in a possessory action as provided by LSA-C.C.P. art. 3654(1); thus, judgment should be rendered in its favor unless defendants prove ownership of the land in dispute.
LSA-C.C.P. art. 3654 provides that a person who is in possession of immovable property may institute an action for declaratory judgment for the recognition of his ownership against a person who claims ownership of the same property. Fleniken v. Allbritton, 566 So.2d 1106 (La.App. 2 Cir. 1990). Under the provisions of LSA-C.C.P. art. 3654, the first issue that must be determined is the question of current possession. Possession determines who has the burden of proof. When one party claims possession of one year to the exclusion of the other party and the court finds as a matter of fact that one party had possession for one year, the second party pleads his title. Then the burden shifts to the one pleading title to make out his title good against the world. Chevron U.S.A., Inc. v. Landry, 546 So.2d 858 (La.App. 1 Cir.1989), aff'd, 558 So.2d 242 (La.1990). In a petitory action, the party found out of possession bears the burden of proof. LSA-C.C.P. art. 3653. Against a party in possession, a party claiming ownership must prove title good against the world to prevail. Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974); Chevron U.S.A., Inc. v. Bergeron, 551 So.2d 746 (La.App. 1 Cir.), writ denied, 553 So.2d 465 (La.1989).
As set forth below, we find no error in the trial court’s determination that defendants were in possession of the Disputed Tract. Therefore, whether this action is one for declaratory judgment or a petitory action, plaintiffs burden is to prove that its title is good against the world. Thus, we conclude that it is unnecessary to determine whether this action should be classified as one for declaratory judgment or a petitory action.
In support of plaintiffs assertion that it had possession of the Disputed Tract, Reverend Joe Chaney, who had been a member of the church since the 1960’s and pastor since 1989, testified that the church executed a mineral lease on the tract in 1980. That a mineral lease was granted was corroborated by the testimony of Lee Vernon Sims; however, Mr. Sims could not provide exact, boundaries on which the lease was granted. Furthermore, the mineral lease was not offered into evidence by plaintiff. Reverend Chaney also testified that the boundary lines for the twenty-one acres “had not been established except by the survey.” That survey was commissioned by plaintiff around the time of the institution of this suit.
William S. Manchester, Chief of Police and Deputy Sheriff for the Village of Montpelier, testified that as a boy he was not allowed to drive cows through the Disputed Tract which he maintained belonged to the church. He also stated that some | gvery old graves exist on the Disputed Tract. Helen Gordon Williams, the wife of a past pastor of the church, testified that she always believed that the church owned twenty-one acres. Other witnesses for the plaintiff concurred in the belief that the church’s tract of land consisted of twenty-one acres. *1182 In support of their assertion of possession, appellees placed into evidence three mineral leases dated 1960, 1971 and 1981, as well as one right-of-way grant to the Parish of St. Helena for a road right-of-way which leads to the church and cemetery dated August 1, 1978, and one grant of right-of-way to the State of Louisiana dated October 24,1978, all of which affect the property in dispute and were granted by appellees.
Mark Hurst, an expert in the field of forestry management, testified that he had agreed on behalf of appellees, and prior to that with their father, to manage the timber of the Disputed Tract since 1991. He testified that the appellees were preparing to go forth with a timber sale on the Disputed Tract at the time of the filing of this suit. He also stated that he searched for graves on the Disputed Tract, but found none.
Eddie Jackson, an elderly man who lived near the Disputed Tract, testified that Mt. Everett Church owned only the Cemetery Property. He testified that he hunted on the Disputed Tract which was owned by the Carters. He also stated that he was not aware on any graves existing outside the Cemetery Property.
Wayne Jones testified that he was given permission by the father of the appellees to hunt on the Disputed Tract. In return, he helped with the Carters’ cattle and the repairing of fences in the area. He, too, observed no graves on the Disputed Tract.
Appellee Clyde Louis Carter testified that he and his father, W.W. Carter, Sr., walked the perimeter of the property Lat issue, on more that one occasion, for his father to teach him the boundaries of the family land.
On the issue of possession, the trial court stated that “from the most credible evidence” plaintiff had proven actual, open corporeal possession of 2.76 acres, i.e., the acreage inside the old wire fence enclosing the cemetery, and defendants had proven their possession of the disputed 18.24 acres beyond the Cemetery Property since at least 1960. To reverse a trial court’s factual finding, an appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). Herein, the trial court’s findings of fact with respect to possession are not erroneous or clearly wrong. Therefore, plaintiff had the burden of proving that its title is good against the world.
At trial, both parties traced their title to the Disputed Property to a common ancestor, Martha J. Everett. It is undisputed that on May 27,1871, Ms. Everett donated a tract of land to African Methodist Episcopal congregation of the Parish of St. Helena for the purpose of “Church building and burying ground.” The original act of donation was unavailable; therefore, the record in this case contains only the document as it was entered in the records of St. Helena Parish by the parish recorder. At that time, the document was copied into the parish records by the recorder in longhand.
The document contains no legal description of the property donated. Rather the land donated is described as a certain quantity of acreage, described only in a numeric. At dispute is whether that numeral is a “2” or a “21.” Mt. Everett Church claims the number describing the acreage is a “21.” Therefore, it owns twenty-one acres, including the Cemetery Property. The |7Carters assert that the descriptive numeric is a “2” and, therefore, Mt. Everett Church owns only the Cemetery Property.
Additionally, the act of donation states that the property is “bounded as follows East by Roads leading from Mrs. Abigail Williams to William Easley to W.C. Harvel and Roads leading from M.J. Everett to William Easley to the African Methodist congregation....” This language in the act of donation constitutes the only other description of the location of the donated property. The evidence reflected differing interpretations of the meaning of this description.
By deposition, plaintiff offered the testimony of a surveyor, Mr. P. Daniel Wiggins. Mr. Wiggins testified that he was hired by Mt. Everett Church to survey a twenty-one acre tract of land donated to it by Ms. Everett. In doing so he reviewed the act of donation as it was recorded in the parish *1183 records. In reviewing that act of donation, he questioned whether the numeric describing the acreage was a “21” or a “27.” Reverend Chaney, however, informed him that he believed the donation was of twenty-one acres and, therefore, Mr. Wiggins used that figure. He testified that a donation of approximately two acres with the bounding roads as described in the act of donation would have indicated the existence of a “traffic circle,” which was extremely unlikely at the time of the donation.
In surveying the property, Mr. Wiggins attempted to locate three bounding roads as described in the act of donation by using various landmarks and drawing various conclusions concerning the ownership of the surrounding properties. He then set the fourth boundary, which constituted the southern boundary, by simply measuring twenty-one acres. He stated that the placement of that boundary was “totally arbitrary and ... | gplaced ... such that the acreage within the boundaries is 21 acres.... ”
On behalf of the defendants, Ory G. Poret, an expert in handwritten land titles and in interpreting handwritten land titles, testified that he reviewed the handwriting of the recorder of the act of donation by studying that document and other documents that recorder had copied into the parish records. He testified that the numeric in question was a “2” with an opening parenthesis before the numeric and a closing parenthesis after it. He testified that it was a common practice to enclose numerals in parentheses at the time this document was recorded. Furthermore, he testified that this recorder did sometimes place numerals in parentheses. In support of this testimony, defendants offered exhibits 1 and 2, which consisted of handwriting samples of the individual who recorded the act of donation.
As to the issue of the number of acres donated to Mt. Everett Church, the trial court stated:
The Court was impressed with defendants’ expert witness, Mr. Ory Poret, former Director of State Lands for the State of Louisiana, qualified in reading and interpreting old, handwritten documents. After a careful examination of defendants’ Exhibits 1 and 2, along with Mr. Poret’s uncontroverted testimony, the Court finds that the 1871 Act of Donation from Mrs. Martha J. Everett to plaintiff conveys two acres of land.
Where a fact finder’s holding is based on its decision to credit the testimony of one or more witnesses, the finding can virtually never be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). Herein, the record clearly supports the trial court’s determination that Ms. Everett donated only two acres to the plaintiff. Therefore, the trial court’s findings of fact were not erroneous and manifestly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993).
l9FinaIly, appellant “requests that this court review the record for patent error.” Appellant urges this court to review the entire record in this case to discover any additional trial court error which would result in the reversal of the finding that the appellees are in possession of the disputed 18.24 acres beyond that old wire cemetery fence or would result in a ruling that appellant is the owner of that property. Appellant’s brief contains no further explanation of this assignment of error.
This court will not comb the record of a civil appeal in search of error on an appellant’s behalf. The scope of this court’s review extends only to error assigned by appellant. Uniform Rules-Courts of Appeal, Rule 2-12.4. See generally LSA-C.Cr.P. art. 920(2).
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Mt Everett African Methodist Episcopal Church.
AFFIRMED.