SAUNDERS, Judge.
| ,This appeal arises from the trial court’s finding that the initial owners of a rent house in Breaux Bridge, subsequently sold at a June 12, 2002 tax sale, were never properly served with notice of that tax sale. This finding nullified a line of conveyances stemming from that tax sale that ended with a sale to the current possessors of the rent house. Also at issue in this appeal is the trial court’s finding that the initial owners of the rent house had to reimburse the possessors of the rent house for expenses the possessors incurred to restore the rent house back into a condition fit for commerce.
FACTS
This dispute over a rental property in Breaux Bridge involves the initial owners, Sandra Jackson Davis and her former husband, Melvin Davis; the tax sale purchaser, LEMCI, Inc. (LEMCI); and the possessors, Stefan and Kathryn Koch (the Kochs). Melvin purchased the home in his name only on July 12, 2001. Melvin and Sandra never paid taxes on the property. During the short period they owned the property before divorcing, Melvin was in charge of the property. Sandra visited the property no more than a handful of occasions, most recently seven years before *1236 trial. She never lived, worked on, or maintained it. She initialized these proceedings soon after the property’s restoration by the current occupants was completed. Melvin was served with notice of the current proceedings by order of the trial court, but never appeared and was never subpoenaed.
The tax sale purchaser, LEMCI, acquired its claim toward the property via tax sale recorded on June 13, 2002. That entity’s principal owner, Gary Massicot, testified that this property was one of about one thousand properties LEMCI acquired by tax sale over a ten-year period. On February 4, 2010, eight years later, |2for the purpose of quieting title and reducing LEMCI’s liability exposure, Massi-cot conveyed the property to a single asset entity, Zimmerman Street, LLC, for $1,500.00 before selling it to the Kochs for $26,000.00.
The Kochs were shown the property by Mr. Massicot in April 2010. The Kochs thought they and their children could renovate the house on weekends and eventually rent it out to supplement their earnings. They apparently settled on a $66,000.00 price for the property the very first time it was shown. Notwithstanding its long-abandoned condition, the Kochs took on the family project and resurrected the home.
For reasons left unanswered by the record, the Kochs did not actually purchase the property until August 2, 2010, by which time their restoration of the home was virtually complete. Three days later, on August 5, 2010, Sandra filed a petition for declaratory judgment seeking to be proclaimed owner of the property for lack of notice of the 2002 Tax Sale.

Action of the Trial Court

After a brief hearing, the trial court determined that Sandra and Melvin Davis had never been properly served with the 2002 Tax Notice. Therefore, it ruled in Sandra’s favor with respect to ownership. However, the trial court also determined that the Kochs were due the $23,000.00 they put forth in performing the restoration, and until reimbursed that amount, the Kochs could continue to possess the property. The trial court also found that LEMCI and/or the Kochs were owed almost $3,500.00 for property taxes and interest they and their predecessors had paid for property taxes since Sandra and Melvin Davis abandoned it. The trial court’s judgment was silent as to whether the Kochs were entitled to a return of the $26,000.00 purchase price they paid to LEMCI for the property, and as to who was |sentitled to any rent collected from the property should the Kochs continue to possess the property while awaiting reimbursement from Sandra.

Issues Presented on Appeal

This appeal was perfected by LEMCI and the Kochs, represented by same counsel. Both maintain the following issues presented on appeal:
1. Whether Sandra carried her burden of proving that neither she nor Melvin received constitutional notice of the pending June 12, 2002 Tax Sale.
2. Whether ownership acquired by the Kochs through an instrument valid on its face is protected by the “Innocent Third Party Purchaser Doctrine,” notwithstanding any alleged defects in a previous instrument from which their title emanates.
3. Whether granting a motion for involuntary dismissal is appropriate when a plaintiff who has been made a party to a lawsuit fails to answer the suit or appear at trial.
4. Whether necessary and useful expenses include the value of the sweat equity, representing the time and labor *1237 a good faith possessor has expended improving the subject immovable property.
5. Whether the Kochs are entitled to the enhanced value of the subject property as a result of renovations performed by them under the equitable principles of enrichment without cause.
Sandra answered the appeal. She suggests that the trial court erred in finding the Kochs had established that they had spent $23,000.00 out of pocket and in awarding LEMCI and/or the Kochs reimbursement for 2003-2012 property taxes, interest, and penalties. Finally, Sandra argues that the trial court erred by failing to award her the rental proceeds that the Kochs received since restoring the property-

ISSUE PRESENTED ON APPEAL NUMBER ONE:

| ¿Both LEMCI and the Kochs contend that the trial court erred in finding that Sandra carried her burden of proving that neither she nor Melvin received constitutional notice of the pending June 12, 2002 Tax Sale. We find no merit to this contention.
A factual finding by a court regarding whether a party received sufficient notice of an impending tax sale of their property that met the due process requirements established by Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), is subject to the manifest error clearly wrong standard of review. Cititax Group, L.L.C. v. Gibert, 12-633, 12-634 (La.App. 4 Cir. 12/19/12), 108 So.3d 229. As such, we will review the trial court’s finding that Sandra and Melvin carried their burden of proof on this matter under this standard.
Sandra testified that she never received notice of the tax sale. Further, it is clear from the record that the April 2002 Notice was sent to United Companies Lending Corporation after the property had already been conveyed to EMC Mortgage Corporation and then conveyed once again to Melvin while he was married to Sandra in July 2001. Finally, when attempting to quiet title after having purchased the property at the tax sale, LEMCI served United Companies Lending Corporation with its petition for judgment declaring it to be the owner of the property.
This evidence renders the finding by the trial court that Sandra and Melvin did not receive notice of the tax sale reasonable. Therefore, we find no manifest error by the trial court in making its finding that Sandra carried her burden to prove that she never received notice of the June 12, 2002 tax sale.
However, the nullity of the June 12, 2002 tax sale does not necessitate that Sandra is entitled to a judgment declaring her owner of the property. Our review of the record clearly indicates that Sandra has brought a petitory action under |sLa.Code Civ.P. art. 3651. It states, “[t]he petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiffs ownership.”
To obtain a judgment recognizing his ownership of immovable property or real right therein, the plaintiff in a petitory action shall:
(1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession thereof; or
(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof.
*1238 When the titles of the parties are traced to a common author, he is presumed to be the previous owner.
La.Code Civ.P. art. 3653.
[T]he first issue that must be determined in a petitory action is the question of current possession. Mt. Everett African Methodist Episcopal Church v. Carter, 96-2591 (La.App. 1st Cir.12/29/97), 705 So.2d 1179, 1181. The defendant’s possession, or lack of it, determines the burden of proof imposed on the plaintiff. Joffrion v. Scioneaux, 506 So.2d 512, 513-14 (La.App. 1st Cir.1986), unit denied, 505 So.2d 1132 (La.1987). The possession required to put the more onerous burden on the plaintiff is the same possession required to initiate the pos-sessory action or to establish acquisitive prescription. Griffin v. Daigle, 99-1942 (La.App. 1st Cir.9/22/00), 769 So.2d 720, 725, unit denied, 00-3406 (La.2/2/01), 784 So.2d 648; see LSA-C.C.P. art. 3660. The defendant is in possession when he and his ancestors in title have had corporeal possession for at least one year or civil possession for the same period of time preceded by corporeal possession. See LSA-C.C.P. arts. 3658 and 3660; LSA-C.C. art. 3476; Id.
George M. Murrell Planting & Mfg. Co. v. Dennis, 06-1341, pp. 3^ (La.App. 1 Cir. 9/21/07), 970 So.2d 1075,1079.
Thus, in order to properly adjudicate Sandra’s petitory action, we must determine her burden of proof. Sandra’s burden is dependent upon whether the Kochs were in possession of the property. Here, it is clear from the record that |fiLEMCI and then the Kochs were in uninterrupted corporeal possession of the property for greater than one year prior to the trial. Thus, the burden that Sandra had to prove was the more onerous of the two under La.Code. Civ.P. art. 3653.
In Pure Oil Co. v. Skinner, 294 So.2d 797 (La.1974), our supreme court held that a plaintiff not in possession versus a defendant who is in possession is required “to show good title against the world without regard to the title of the party in possession.” 294 So.2d at 799. Title is made out when an unbroken chain of valid titles from the sovereign is shown. Whitley v. Texaco, Inc., 434 So.2d 96, 103 (La.App. 5 Cir.1982), unit denied, 435 So.2d 445 (La.1983).
“The case law is clear that ‘title good against the world’ means one must produce an unbroken chain of record title back or show ownership through acquisitive prescription.” Cuny v. Quinn, 03-649, p. 5 (La.App. 5 Cir. 10/28/03), 860 So.2d 232, 237.
Langley v. Billiot, 09^433, p. 6 (La.App. 5 Cir. 11/24/09), 28 So.3d 1154,1157.
Our review of the record is that Sandra • failed to carry her burden of proof. Sandra’s goal when she put forth the evidence in the record was to invalidate the June 12, 2002 tax sale. While that was successful, the invalidation of the tax sale served to only to establish that Sandra did not lose title. Thereafter, Sandra had the burden to produce evidence “to show good title against the world without regard to the title of the party in possession.” Id. The record is devoid of any evidence that Sandra has shown good title against the world. Accordingly, we find that the trial court erred in rendering that Sandra was entitled to a judgment declaring her owner of the property.

ISSUES PRESENTED ON APPEAL NUMBERS TWO THROUGH FIVE AND SANDRA’S ANSWER TO APPEAL:

Our finding that Sandra failed to carry her burden to prove title against the world pretermits the remaining issues in this case.

*1239
CONCLUSION:

17LEMCI and Stefan and Kathryn Koch present five issues for review. Sandra Davis answers their appeal and requests that this court reduce the award granted to them by the trial court.
We find no merit in LEMCI and the Kochs’ assertion that the trial court erred in finding that Sandra and Melvin Davis did not receive constitutionally required notice of the impending tax sale of their property, a violation of their due process rights. However, we find that the trial court erred in granting Sandra Davis a judgment declaring her the owner of the property. The record has no evidence that Sandra carried her burden necessary to warrant such a judgment. Accordingly, we reverse the judgment of the trial court that Sandra is the owner of the property. This reversal pretermits the remaining issues presented for review. All costs of these proceedings are assessed to Sandra Davis.
REVERSED.
PETERS, J., concurs in the result and assigns written reasons.